IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILES MUSGRAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-1400-MJR |
| | ) |
| SGT KRAMER, ROBERT DEWALL, | ) |
| EVAN BAILEY, ROBERT ROSS, | ) |
| COLLEEN MOORE, | ) |
| and UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. On January 13, 2016, two sets of documents mailed to the Plaintiff at his last known address – the Alton Law Enforcement Center ("Alton") – were returned to the Clerk of Court as undeliverable, with the notation "not at this address" (Docs. 7 & 8). One of those envelopes contained the Court's order of December 22, 2015 (Doc. 1), which directed Plaintiff to submit an amended complaint no later than January 25, 2016, if he wished to proceed further with his case. On January 14, 2016, the Clerk received a letter from the Alton Police Department stating that as of July 20, 2015, Plaintiff was no longer housed at Alton (Doc. 9).

The claims at issue in this action were originally brought on June 18, 2015, by Plaintiff and eight other inmates at Alton. *Collier, et al., v. Kramer, et al.*, Case No. 15-cv-674-SMY (S.D. Ill.). On July 10, 2015, the Court entered an order (Doc. 3 in this action) in which each of the original Plaintiffs was given an opportunity to withdraw from the suit or pursue his claims individually. The July 10 order also informed Plaintiff that he is obligated to keep the

Clerk of Court and each opposing party informed of any change in his address, within seven days of any such change (Doc. 3). Plaintiff was further warned that if he failed to update his address with the Court, his case could be dismissed for want of prosecution. In a response to that order dated July 19, 2015, Plaintiff requested the Court to sever his claims into a separate action so he could proceed alone (Doc. 31 in Case No. 15-cv-674). This severance request was granted on December 22, 2015 (Doc. 1).

Plaintiff has failed to comply with the Court's order (Doc. 3) that he notify the Clerk of Court of his new address. He has had ample time to do so since his departure from Alton on July 20, 2015. Therefore, this action is subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this § 1983 action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Because Plaintiff's complaint in this action was dismissed for failure to state a claim upon which relief may be granted (Doc. 1), this dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 29, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court